T.C. Summary Opinion 2001-107


UNITED STATES TAX COURT


GARY G. BENDICKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 786-00S.                    Filed July 24, 2001.


<u>Bruce N. Crawford</u>, for petitioner.

<u>Melissa J. Hedtke</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $3,177, $410, and $1,559 in petitioner's Federal income taxes for the years 1993, 1994, and 1995, respectively, and additions to tax under section 6651(f) of $2,597 and $2,206.50, for the years 1993 and 1995, respectively. Respondent conceded the additions to tax under section 6651(f). Respondent in the answer to Amended Petition alleged that petitioner is liable for the addition to tax under section 6651(a)(1) for the years 1993 and 1995 in the amounts of $794.25 and $389.75, respectively, and for the penalty under section 6662(a) for the years 1993, 1994, and 1995 in the amounts of $635.40, $82.00, and $311.80, respectively. Respondent has the burden of proof as to those issues raised in the answer. Rule 142(a).

We must decide: (1) Whether petitioner is entitled to deduct net operating losses in excess of the amounts allowed by respondent; (2) whether petitioner is entitled to deduct Schedule C, Profit or Loss From Business, expenses disallowed by respondent; (3) whether petitioner is liable for the additions to tax under section 6651(a)(1); and (4) whether petitioner is liable for the penalties under section 6662(a).

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Plymouth, Minnesota, at the time he filed his petition.

During 1993, 1994, and 1995, petitioner worked as an accountant. During this time, petitioner resided at his family's cabin in Clearwater, Minnesota. The cabin was located approximately 55 miles from his father's office in Plymouth, Minnesota. Petitioner's father was a Certified Public Accountant, with an accounting firm in Plymouth. Petitioner traveled to his father's business office, 11425 Highway 55, Plymouth, Minnesota, approximately four times each week during the years in issue. Petitioner met with clients at his father's office. Petitioner did not meet with clients at the cabin where he was living. Petitioner listed the Plymouth office address as his business address on the Schedules C for the years in issue.

Petitioner became involved in a horse breeding/racing operation in the 1980s. Petitioner sold his final interest in the horse breeding/racing operation in 1995. Partnership returns for the horse breeding/racing operation were not filed for the 1993, 1994, and 1995 taxable years.

Petitioner deducted net operating loss carryforwards from his horse breeding/racing operation in all 3 years. Respondent allowed the net operating loss carryforwards to the extent petitioner showed that he had a basis of $65,486, $47,255, and

$35,910 for 1993, 1994, and 1995, respectively.  Respondent disallowed $94,268, $117,563, and $123,076 of the carryforwards for 1993, 1994, and 1995, respectively.

A net operating loss is the excess of the deductions allowed over the gross income.  Sec. 172(c).  A net operating loss for any taxable year may be carried forward to each of the 20 taxable years following the taxable year of the loss.  Sec. 172(b).  However, deductions are strictly a matter of legislative grace.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers must substantiate claimed deductions.  Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Moreover, taxpayers must keep sufficient records to establish the amounts of the deductions.  Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs.

Petitioner presented no evidence.  Petitioner made no argument that would prove he was entitled to deduct the disallowed carryforwards.  Petitioner failed to substantiate his basis in the partnership and the amount of the net operating loss carryover.  We hold that petitioner is not entitled to deduct any net operating loss carryover in excess of the amounts allowed by respondent.

At trial, petitioner's counsel said the only other issue (other than the net operating loss carryover issue) was the deductibility of auto and travel expenses.  Counsel at that point appeared to be conceding the disallowance of deductions for entertainment and bookkeeping expenses in the years in question. No evidence was introduced by petitioner on these two issues.  On brief, petitioner's counsel erroneously states that bookkeeping expenses are subject to the rules of section 274, as the entertainment expenses are.

There is a complete lack of evidence with respect to the entertainment and bookkeeping expenses, and no valid legal argument regarding these issues was made by petitioner. Petitioner has failed to substantiate these deductions.  We sustain respondent as to these two determinations.

There remains the question of petitioner's disallowed automobile expense deductions.  Petitioner deducted car and truck expenses of $8,877, $8,420, and $8,315 on his 1993, 1994, and 1995 returns, respectively.  The exact amount of the disallowances of the automobile expense are not part of the record.  At trial, respondent stated that all of the mileage was allowed except for the commute between the cabin where petitioner resided and his father's office.  Petitioner did not dispute this statement.

Petitioner's position is that because his principal place of business was the cabin where he lived, he could deduct daily transportation expenses incurred between his residence and another work location. Respondent's position is that the principal place of business was the office of petitioner's father.

In Commissioner v. Soliman, 506 U.S. 168 (1993), the Supreme Court held that when a taxpayer carries on business in more than one location the principal place of a taxpayer's business is the most important or significant place of business. This turns on two conditions: (1) The relative importance of the activities performed at each business location, and (2) the time spent at each place. Id. at 175. Here we find that most of petitioner's accounting services were rendered on the premises of his father's office in Plymouth, Minnesota. Petitioner went to that office four times each week during the years in issue. Petitioner met with clients at his father's Plymouth office. Petitioner admitted that he did not meet with clients at the cabin where he was living. On his Schedules C for the 3 years, petitioner listed the Plymouth office address as his business address. Petitioner testified that his principal place of business was the cabin where he resided and that he kept some records there. We are not required to accept the self-serving testimony of petitioner as gospel. Tokarski v. Commissioner, 87 T.C. 74, 77

(1986). We find that petitioner's principal place of business was the Plymouth office. Accordingly, petitioner's expenses of driving to and from Plymouth are nondeductible commuting expenses. Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946).

Because the record is not clear as to the exact amounts of disallowance of car and truck expense deductions, we consider section 274(d). Section 274(d)(4) imposes stringent substantiation requirements for the deduction of certain listed property as defined under section 280F(d)(4), such as an automobile. Taxpayers must substantiate by adequate records the following items in order to claim automobile deductions: The amount of each separate expenditure, the listed property's business and total usage, the date of the expenditure or use, and the business purpose for an expenditure or use. Sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). To substantiate a deduction by means of adequate records, a taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, and/or other documentary evidence which, in combination, are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner had no such records. Petitioner did not attempt to satisfy the requirements of section 274(d). Because of

petitioner's failure to substantiate the expenses as required under section 274(d), respondent's disallowance of car and truck expense deductions is sustained in all respects.

Respondent contends that petitioner is liable for additions to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted. The addition equals 5 percent for each month that the return is late, not to exceed 25 percent. Sec. 6651(a)(1).

Additions to tax under section 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. Sec. 6651(a)(1). The taxpayer must prove both reasonable cause and a lack of willful neglect. Crocker v. Commissioner, 92 T.C. 899, 912 (1989). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." Id. at 245.

Petitioner filed his 1993 return on September 16, 1996, and his 1995 return on December 29, 1997. Respondent established that the returns were not filed by their due date. Petitioner made no argument and presented no evidence to show that his

failure to file was due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioner is liable for additions to tax under section 6651(a)(1) for the years 1993 and 1995 in the amounts of $794.25 and $389.75, respectively.

Respondent contends that petitioner is also liable for the section 6662(a) penalty. Section 6662(a) provides for an accuracy-related penalty in the amount of 20 percent of the portion of an underpayment of tax attributable to, among other things, negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence is defined to include any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and also includes any failure by the taxpayer to keep adequate books and records, or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard is defined to include any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Petitioner did not provide any substantiation at trial for the deductions he claimed. He did not maintain adequate records as required under section 6001. We find that respondent established that petitioner was negligent and that he disregarded

the rules and regulations.  Petitioner made no argument to the contrary.  Accordingly, we hold that petitioner is liable for accuracy-related penalties under section 6662(a) for the years 1993, 1994, and 1995 in the amounts of $635.40, $82.00, and $311.80, respectively.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent for the deficiencies and the additions to tax under section 6651 and the penalties under section 6662(a) and for petitioner for the additions to tax under section 6651(f)</u>.